Filed 4/19/22  P. v. Anderson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BELINDA M. ANDERSON,<br><br>        Defendant and Appellant. | A162521<br><br>(City & County of San Francisco<br>Super. Ct. No. 145326) |

Defendant appeals from the denial of a petition filed by the San Francisco District Attorney for recall and resentencing under Penal Code section 1170.[1]  In 1993, defendant was sentenced to life without parole after she was convicted of robbery and felony murder.  In 2018, her sentence was commuted to 30 years to life.  In January 2021, the district attorney petitioned the trial court to recall defendant's sentence under section 1170 based upon defendant's rehabilitation while incarcerated.  The trial court denied the petition.  Defendant's opening brief contends the denial was an abuse of discretion.

We do not reach the merits but, instead, remand for reconsideration under Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Assem. Bill No. 1540),

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

which moved and amended the recall and resentencing provisions to a new section (§ 1170.03).

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with and convicted of second degree robbery (§§ 211, 212.5, subd. (b)), first degree felony murder (§§ 187, 189, 190.2, subd. (a)(17)(i)), alleged use of a deadly weapon (knife) (§ 12022, subd. (b)), and a prior prison term (§ 667.5, subd. (b)). The charges and conviction were based upon the fatal stabbing of a taxicab driver during a failed robbery attempt, which occurred in 1991. Defendant was sentenced to life without parole plus one-year for the prior prison term.

In November 2018, Governor Edmund G. Brown, Jr., commuted defendant's sentence to 30 years to life. In September 2019, defendant had a hearing before the Board of Parole Hearings. The board issued a three-year denial.

In February 2021, the San Francisco District Attorney recommended that the trial court recall defendant's sentence and resentence defendant under former section 1170, subdivision (d)(1). The district attorney submitted supporting documentation to the trial court, including the transcript of the parole board hearing, the parole board's comprehensive risk assessment, and letters of support from family and community members. Defendant's counsel filed points and authorities in support of resentencing and included additional information regarding defendant's prison work history, self-help program completion, and educational efforts culminating in defendant's obtaining an associate degree in 2018. Defendant also provided details of her rule violation history.

2

The trial court assumed that former section 1170, subdivision (d)[2] permitted it to modify a judgment as well as the sentence. It reviewed the evidence submitted and found that the defendant had made significant progress in prison programs and in education during the last seven or eight years. However, the trial court found the evidence did not support setting aside the murder conviction. It explained that the facts of the offense supported first degree murder based on either felony murder or premeditation and did not support any lesser included offense.

Defendant filed a timely notice of appeal. In their respondent's brief, the People inform the court that defendant was granted parole on October 12, 2021. Nonetheless, defendant continues to pursue this appeal, seeking recall and resentencing to a determinate term.

---

[2] At the time of the hearing on the People's motion for recall and resentencing, former section 1170, subdivision (d)(1) authorized the trial court, "upon the recommendation of . . . the district attorney of the county in which the defendant was sentenced [to] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, providing the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment . . . if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Credit shall be given for time served."

## DISCUSSION

On October 8, 2021, Governor Newsom signed Assem. Bill No. 1540, which "moves the recall and resentencing provisions of [former] section 1170, subdivision (d)(1) to a new section, 1170.03, and revises the terms of that provision." (*People v. Cepeda* (2021) 70 Cal.App.5th 456, 471.)  Among other changes, section 1170.03, which became effective on January 1, 2022, provides that in cases such as this, where the recall request was initiated by the district attorney, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."[3]  (§ 1170.03, subd. (b)(2).)

Defendant's supplemental opening brief[4] argues that Assem. Bill No. 1540 should apply because it is remediating legislation, which applies to cases that are not final as of the effective date of the statute.  (*City of Clovis v. County of Fresno* (2014) 222 Cal.App.4th 1469, 1484–1485 [new statutes that are remedial or procedural apply to pending cases, including cases pending on appeal, even though underlying facts predate effective date of new statutes].)  Defendant also argues that pursuant to *In re Estrada* (1965)

---

[3] Section 1170.18, subdivision (c) defines " 'unreasonable risk of danger to public safety' " as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667."  The violent felonies listed in section 667, subdivision (e)(2)(C)(iv) are violent sex crimes, specified sex crimes against children, homicide and attempted homicide, solicitation to commit murder, assault with a machine gun on peace officer or fire fighter, and possession of a weapon of mass destruction.  (§ 667, subd. (e)(2)(C)(iv).)

[4] We granted defendant permission to file a supplemental opening brief addressing the impact of Assem. Bill No. 1540.

4

63 Cal.2d 740, Assem. Bill No. 1540 mitigates punishment and should apply retroactively to all cases in which the judgment of conviction is not yet final.

The People dispute that *In re Estrada* applies here because defendant's judgment has long been final. They argue that appeals from denials of petitions to recall and resentence—which themselves seek to reopen final judgments—do not trigger *In re Estrada*'s presumption of retroactivity. Nonetheless, the People assert the case should be remanded for reconsideration under the new statutory terms based upon considerations of judicial efficiency.

We need not decide whether section 1170.03 applies retroactively because we agree with the People that considerations of judicial efficiency favor remand to the trial court for reconsideration of the People's recommendation to recall defendant's sentence and resentence defendant under the new statutory terms in section 1170.03. Here, the People have already recommended that defendant's sentence be recalled and that defendant be resentenced. It would be a waste of judicial resources to decide this case under the prior law, given that the People potentially could file a new recommendation for recall and resentencing under the new terms of section 1170.03.

Defendant asks us to go one step further and hold that the evidence in this case requires a finding that the presumption in favor of resentencing cannot be overcome. She argues we should remand to the trial court with directions to recall her sentence, reduce her conviction to voluntary manslaughter, and resentence her to a determinate term. We agree with the People that the trial court should determine in the first instance, under the terms of section 1170.03, whether defendant should be resentenced. We express no opinion as to whether defendant's sentence should be recalled,

whether her conviction should be reduced to voluntary manslaughter, or whether she should be resentenced.

## DISPOSITION

The order denying the petition to recall defendant's sentence and resentence defendant is reversed, and the case is remanded for a further hearing under newly enacted section 1170.03.

_____
Jackson, P. J.

WE CONCUR:


_____
Needham, J.


_____
Burns, J.

A162521/*People v. Belinda M. Anderson*

6